**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Brandee Jones**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Grand Canyon Ventures, LLC d/b/a Siderno Bakery**, an Arizona Limited Liability Company; **Vincenzo Stalteri and Jane Doe Stalteri**, a Married Couple; **Marco Stalteri and Jane Doe Staltero II,** a married couple; **Thomas J. McMahan and Jane Doe McMahan**, a Married Couple; and **Michael J. Shelton and Jane Doe Shelton**, a Married Couple, | |
| Defendants. | |

Plaintiff, Brandee Jones ("Plaintiff"), sues the Defendants, Grand Canyon

Ventures, LLC d/b/a Siderno Bakery ("Defendant Grand Canyon Ventures, LLC"),

Vincenzo Stalterri and Jane Doe Stalteri; Marco Stalteri and Jane Doe Stalteri II; Thomas

J. McMahan and Jane Doe McMahan; and Michael J. Shelton and Jane Doe Shelton

(collectively "Defendants" or "Siderno Bakery") and alleges as follows:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.     At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant Grand Canyon Ventures, LLC was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Grand Canyon Ventures, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     At all material times, Defendant Grand Canyon Ventures, LLC does business as "Siderno Bakery."

10.     At all relevant times, Plaintiff was an employee of Defendant Grand Canyon Ventures, LLC.  At all relevant times, Defendant Grand Canyon Ventures, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-3-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

with Defendants.  In any event, at all relevant times, D Defendant Grand Canyon Ventures, LLC was an employer subject to the FLSA and employed Plaintiff.

11.     Defendant Grand Canyon Ventures, LLC was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Grand Canyon Ventures, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest Defendant Grand Canyon Ventures, LLC in relation to the company's employees, Defendant Grand Canyon Ventures, LLC is subject to liability under the FLSA.

12.     Defendants Vincenzo Stalteri and Jane Doe Stalteri are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Vincenzo Stalteri and Jane Doe Stalteri are the owners of Defendant Grand Canyon Ventures, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.     Under the FLSA, Defendants Vincenzo Stalteri and Jane Doe Stalteri are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Vincenzo Stalteri and Jane Doe Stalteri are the owners of Defendant Grand Canyon Ventures, LLC.  They had the authority to hire and fire employees, supervised and controlled work schedules or

the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Vincenzo Stalteri and Jane Doe Stalteri are subject to individual liability under the FLSA.

14.     Defendants Marco Stalteri and Jane Doe Stalteri II are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Defendants Marco Stalteri and Jane Doe Stalteri II are the owners of Defendant Grand Canyon Ventures, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendants Marco Stalteri and Jane Doe Stalteri II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Marco Stalteri and Jane Doe Stalteri II are the owners of Defendant Grand Canyon Ventures, LLC. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Marco Stalteri and Jane Doe Stalteri II are subject to individual liability under the FLSA.

16.     Defendants Thomas J. McMahan and Jane Doe McMahan are, upon information and belief, husband and wife. They have caused events to take place giving

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

rise to this action as to which their marital community is fully liable. Defendants Thomas J. McMahan and Jane Doe McMahan are the owners of Defendant Grand Canyon Ventures, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Thomas J. McMahan and Jane Doe McMahan are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Thomas J. McMahan and Jane Doe McMahan are the owners of Defendant Grand Canyon Ventures, LLC. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Thomas J. McMahan and Jane Doe McMahan are subject to individual liability under the FLSA.

18.     Defendants Michael J. Shelton and Jane Doe Shelton are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Defendants Michael J. Shelton and Jane Doe Shelton are the owners of Defendant Grand Canyon Ventures, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

19.     Under the FLSA, Defendants Michael J. Shelton and Jane Doe Shelton are employers. The FLSA defines "employer" as any person who acts directly or indirectly

in the interest of an employer in relation to an employee.  Defendants Michael J. Shelton and Jane Doe Shelton are the owners of Defendant Grand Canyon Ventures, LLC.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Michael J. Shelton and Jane Doe Shelton are subject to individual liability under the FLSA.

20.    Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

21.    Defendants, and each of them, are sued in both their individual and corporate capacities.

22.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

23.    At all relevant times, Plaintiff was an "employee" of Grand Canyon Ventures, LLC; Vincenzo Stalteri and Jane Doe Stalteri; Marco Stalteri and Jane Doe Staltero II; Thomas J. McMahan and Jane Doe McMahan; and Michael J. Shelton and Jane Doe Shelton as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

24.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Grand Canyon Ventures, LLC; Vincenzo Stalteri and Jane Doe Stalteri; Marco Stalteri

and Jane Doe Staltero II; Thomas J. McMahan and Jane Doe McMahan; and Michael J. Shelton and Jane Doe Shelton.

25.     At all relevant times, Grand Canyon Ventures, LLC; Vincenzo Stalteri and Jane Doe Stalteri; Marco Stalteri and Jane Doe Staltero II; Thomas J. McMahan and Jane Doe McMahan; and Michael J. Shelton and Jane Doe Shelton were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

26.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

27.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the Arizona A.R.S. § 23-350, et seq.

28.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

29.     At all relevant times, Plaintiffs were "employees" of Defendants as defined by A.R.S. § 23-362.

30.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

31.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32.     Plaintiff, in her work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33.     At all relevant times, all Defendants were joint employers of Plaintiff.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

34.     At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs and the Collective Members.

35.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

36.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

37.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **NATURE OF THE CLAIM**

38.     Defendants own and/or operate as Siderno Bakery, an enterprise located in Maricopa County, Arizona.

39.     Plaintiff was hired by Defendants and worked for Defendants between approximately November 26, 2019 and December 9, 2019, when Plaintiff left her employment with Defendants.

40.     Defendants, in their sole discretion, agreed to pay Plaintiff $12.50 per hour for all hours she worked.

41.     Plaintiff worked for approximately two weeks for Defendants.

42.     During the two weeks that Plaintiff worked for Defendants, Plaintiff worked approximately between 70 and 80 hours.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

43.     Defendants' time records for Plaintiff indicate that Plaintiff worked at least 60 hours for Defendants during her employment.

44.     Defendants' time records for Plaintiff also indicate that she worked at least 60 hours for Defendants over the course of nine shifts.

45.     Defendants' time records for Plaintiff are also indecipherable such that they indicate that Plaintiff worked more hours during at least two of her nine shifts than are otherwise indicated in the time records.

46.     On or about December 9, 2019, Defendants terminated Plaintiff's employment with Defendants.

47.     Shortly thereafter, Defendants delivered a check to Plaintiff for the gross amount of $551.65 (net amount $468.45), which indicated payment for 50 hours, nine minutes at a rate of $11 per hour, despite Plaintiff having worked approximately between 70 and 80 hours for Defendants at an otherwise determined rate of $12.50 per hour.

48.     On approximately December 15, 2019, Plaintiff attempted to deposit the check into her bank account.

49.     On or about December 15, 2019, Plaintiff received a notification from her bank of non-sufficient funds relative to the check.  Thereafter, the amount of $468.45 was deducted from Plaintiff's bank account.

50.     In summary, despite having worked approximately between 70 and 80 hours at an hourly rate of $12.50 for Defendants, Defendants sent Plaintiff a check for 51 hours, nine minutes at an hourly rate of $11 that bounced upon being deposited into her

account.  As a result, Defendants paid no wage whatsoever to Plaintiff during the entire duration of her employment.

51.     As a result of not having paid any wage whatsoever to Plaintiff during her employment with Defendants, Defendants failed to pay the applicable federal and state minimum wage to Plaintiff.

52.     During Plaintiff's employment Defendants did not record all of the time that Plaintiff worked.  As such, Defendants' records of Plaintiff's time worked understate the amount of time each workweek that Defendants suffered or permitted Plaintiff to work.

53.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

54.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMWA, A.R.S. § 23-363.

55.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AWA, A.R.S., § 23-351.

56.     Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

57.     Defendants have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

58.     Defendants have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during her regular workweeks.

59.     Plaintiff is a covered employee within the meaning of the FLSA.

60.     Plaintiff is a covered employee within the meaning of the AMWA.

61.     Plaintiff is a covered employee within the meaning of the AWA.

62.     Plaintiff was a non-exempt employee.

63.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

64.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

65.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## **FAILURE TO PAY MINIMUM WAGE**

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them.

70.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

71.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brandee Jones, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

72.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them.

74.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

75.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Brandee Jones, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants committed one or more of the following acts:

i.      Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

      ii.      Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.      For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

76.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.      Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them.

78.      Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates the AWA, A.R.S. § 23-351.

79.      Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Brandee Jones, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.      For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C.      For the Court to award prejudgment and post-judgment interest;

D.      For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action;

E.      Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th Day of December, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-16-